UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEVIN J. REESE,<br><br>                    Plaintiff,<br><br>vs.<br><br>WASHOE COUNTY DETENTON FACILITY, et al.,<br><br>                    Defendants. | 3:24-cv-00015-ART-CSD<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION (ECF No. 36) |

*Pro se* Plaintiff Devin J. Reese filed this civil rights suit against multiple defendants, including Naphcare, Deputy Rimon, Deputy John Doe, and Deputy Jane Doe, alleging excessive force and inadequate medical care while Plaintiff was a detainee in custody at the Washoe County Detention Facility ("WCDF"). On July 11, 2025, Magistrate Judge Denney issued a Report and Recommendation ("R&R) recommending that Defendant Rimon's motion for summary judgment be granted and this action be dismissed without prejudice. (ECF No. 36.) Plaintiff had until July 25, 2025, to file an objection. To date, no objections have been filed. For this reason, and as explained below, the Court adopts the R&R.

Under the Federal Magistrates Act, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any

issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Because there is no objection, the Court need not conduct de novo review and is satisfied Judge Denney did not clearly err. Here, Judge Denney recommends granting Defendant's motion because Plaintiff did not exhaust his administrative remedies. (ECF No. 36 at 8–9.) Plaintiff argues the availability of the appeal process to a WCDF inmate is dependent on the response to the initial grievance and limitations imposed by the system regarding the time to file an appeal or the premature closing of a grievance. (ECF No. 32 at 3.) Specifically, Plaintiff states that because he received a response to his grievance, there was no reply window and no time frame for an appeal because the grievance was considered resolved. (*Id.*) Consequently, Plaintiff argues that the appellate process was not available to him and thus, he exhausted all available administrative remedies. (*Id.* at 3–4.) However, as provided in the inmate handbook, Plaintiff could have filed another grievance to effectuate his appeal. (ECF No. 29-1 at 20.) The Court agrees with Judge Denney that the grievance process, including the ability to file an appeal of a grievance response, was available to Plaintiff, but he did not complete the appeal process, and thus, failed to exhaust administrative remedies before filing this action. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

IT IS THEREFORE ORDERED that Magistrate Judge Denney's Report and Recommendation (ECF No. 36) is accepted and adopted in full.

Accordingly, Defendant's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that this case is DISMISSED WITHOUT PREJUDICE; and,

IT IS FURTHER ORDERED that the Clerk enter judgment accordingly and close this case.

Dated this 30th day of September 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE